UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> CLERK OF THE CIRCUIT COURT, <br><br> Defendant. | CAUSE NO. 3:23-CV-566-DRL-MGG |

OPINION AND ORDER

James Thomas, a prisoner without a lawyer, filed a complaint alleging someone fraudulently cashed his bond refund check sent by the Clerk of the Circuit Court of St. Joseph County. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Thomas alleges his bond refund check was cashed, but not by him. He attaches a copy of the check showing it was electronically deposited on April 4, 2023. ECF 1-1 at 2-3. He alleges he could not have made that deposit because he was in jail. He alleges the endorsement signature is a forgery. He seeks $30,000 to compensate him because he did

not get his $695 check. He sues because "[t]he Clerk of the Circuit Court did not make sure my bond money got back to me." ECF 1 at 2.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, some unknown person is alleged to have intercepted and cashed Mr. Thomas' bond refund check. As unfortunate as that is, the clerk did not violate his constitutional rights by not preventing someone from fraudulently cashing his bond refund check.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

December 11, 2023         *s/ Damon R. Leichty*
                          Judge, United States District Court